# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DE'ANGELO JOHNSON,

   Plaintiff,

v.

REBECCA LYNN HUNT,
MAGGIE NICOLE FENDER,
DEJA NICOLE THOMAS,

   Defendants.

Civil Action No.: CCB-21-1507

## MEMORANDUM OPINION

On June 17, 2021, the court received the above-entitled complaint filed by plaintiff De'Angelo Johnson, who is currently confined in the Chesapeake Detention Facility as a pre-trial detainee where he awaits trial on federal charges of sex trafficking by force, fraud and coercion, and distribution of controlled substances. *See United States v. Johnson*, Crim. No. GLR-19-502 (D. Md.). Johnson filed a motion to proceed *in forma pauperis* with his complaint which the court now grants.

In his complaint, Johnson asserts that the defendants "made false statements to evade criminal prosecution" which led to his indictment in the criminal case pending in this court. ECF No. 1 at 2; ECF No. 1-2. He adds, without explanation, that "[t]here is also an issue of paternity." ECF No. 1-2. As relief he seeks to have the presiding judge in his criminal case informed of "all facts pertaining to this lawsuit," monetary damages, and to have defendants "held accountable for their illegal actions in criminal court." ECF No. 1 at 3.

Johnson filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C.

§§ 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722–23 (4th Cir. 1989). Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Johnson's claim is asserted against private citizens; he does not allege they are agents of the State or Federal government, only that they were interviewed by Maryland police. Additionally, Johnson cites no federal law on which he bases his claims. To the extent he implies a constitutional claim, a necessary element for such a claim is that the defendants were State actors. Specifically, Johnson must demonstrate that: (1) he suffered a deprivation of a right secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants, private citizens, were not acting under color of law when they spoke with Maryland police officers.

To the extent that Johnson has filed this civil suit in an effort to prove the testimony provided against him to the federal grand jury is false, he will have an opportunity to challenge the witnesses' statements through his counsel at the criminal trial. In the event he is successful in doing so, he may not seek to have them criminally prosecuted because he has no legally protected interest in the prosecution of others. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The complaint must be dismissed for failure to state a claim.

As a prisoner, Johnson is subject to the provisions of 28 U.S.C. § 1915(g). When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious or fails to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). More recently, the Supreme Court held that dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020). Because this complaint is dismissed for failure to state a claim, the dismissal constitutes a strike. Johnson is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." The Clerk will be directed to flag this case as a strike in the separate order which follows.

6/28/2021  
Date

_____/S/_____  
Catherine C. Blake  
United States District Judge